Thompson *v.* Wiley.

ROBERT THOMPSON, JR. *versus* PELEG WILEY.

If the defendant in an action of *scire facias* against him as bail, before a justice of the peace, procures a constable to attend the Court to receive the principal on being surrendered by the bail, and the service is performed by the constable, this is sufficient to enable him to recover of the bail the fees to which he was by law entitled.

And if the mittimus be dated on the twentieth day of the month, and the return of the commitment by the constable be dated on the twenty-second, if any impropriety exists on the part of the officer in detaining the principal, the party injured thereby only can complain, and it will not deprive the officer of his right to recover his legal fees of the person who employed him.

ASSUMPSIT to recover the amount of the plaintiff's fees as a constable of the town of Union for committing to prison at the request of the defendant, one Carkin on his being delivered up and surrendered by the defendant, as bail to Carkin, on the trial of an action of *scire facias* against him as bail.

The case came before the Court on a statement of facts, and on written arguments, and was therefore decided by the whole Court.

Robbins brought an action before a justice of the peace against Carkin, whose body was arrested, and the defendant became his bail. *Non est inventus* was returned on the execution, and Robbins sued out his writ of *scire facias* against Wiley. On the return day, as the record of the justice states,

which was made a part of the case, "the defendant surrendered on *scire facias* Isaac Carkin, and presented Robert Thompson, Jr. constable of the town of Union, to receive the said Carkin, and he was ordered into custody of said Thompson by me, the said justice, and mittimus delivered to Robert Thompson, Jr. costs of *scire facias* paid by defendant." This was under the date of Dec. 20. The justice's mittimus, dated Dec. 20, and the return of the plaintiff thereon, were also made part of the case. This return is dated Dec. 22, and states that he had arrested upon the mittimus the body of Carkin and committed him to prison in the county gaol, and left an attested copy of his precept with the keeper of the prison. The competency of the record of the justice and of the mittimus and officer's return thereon were to be considered as objected to by the defendant. It was proved by a witness, "that the plaintiff admitted in his presence, that the defendant paid him fifty cents for his fees for his attendance before the justice when Carkin was surrendered, as stated in the justice's record and mittimus." A nonsuit or default was to be entered according to the opinion of the Court upon the case.

An amendment of the writ had been permitted, and a reference was made to the writ to show the nature of it, but no such copy was furnished.

*Harding*, for the plaintiff, said that the statute, 1821, c. 67, § 7, provides, that in a case like this the officer shall be paid by the bail the same fees as are provided by law for committing any defendant to prison on mesne process. The officer, to recover his fees, may well declare in general assumpsit, or declare specially, or may join both counts in one writ. *Boswell* v. *Dingley*, 4 Mass. R. 411.

The case finds, that the defendant procured the plaintiff to attend before the justice, and receive the principal. This shows our right of action. It is however contended by the defendant, that the plaintiff cannot recover, because his return is dated on the second day after the principal was surrendered by his bail. This was the day he left him in the

prison, probably, or may have been by mere mistake. The twenty-first might have been the Sabbath day, or the snow-drifts might have been so deep as to prevent travelling such distance.

*J. S. Abbott*, for the defendant, contended that the amendment was improperly admitted, and cited *Peabody* v. *Hoyt*, 10 Mass. R. 36.

The plaintiff can only recover as constable of the town of Union, and the case does not show, that he was constable.

The foundation of the suit is, that the defendant had been bail for Carkin, that *scire facias* had been sued out, that Carkin was surrendered by the defendant, and that the plaintiff was requested by the defendant to attend Court and receive the principal; and yet the case does not show by competent evidence, that any of these things were done.

The Court was holden before the justice, Dec. 20, and on that day Carkin was ordered into the custody of the plaintiff. The mittimus merely authorizes the officer to receive the principal, not to arrest him, and forthwith convey him to prison. He did receive him on that day, and if he allowed him to escape, the defendant is not liable to pay for any services rendered afterwards. He must strictly perform his duty as directed, to have a statute remedy upon the defendant. He has already received payment for attending before the justice, and cannot prevail in this suit.

The opinion of the Court was by

SHEPLEY J. — No copy of the amendment is furnished. The inference to be drawn from the copies furnished, and from the arguments, is, that it presented in a different manner the same cause of action, by setting forth the particular facts by which the defendant became liable to pay the officer's fees ; and it might well be permitted in the discretion of the Court. The defendant procured the plaintiff to attend as a constable, for the purpose of performing the service for which he now claims to be paid, and he did perform it, acting in that charac-

Thompson *v.* Wiley.

ter, and that is sufficient to enable him to recover of the defendant the fees to which he was by law entitled.

The return upon the mittimus under date of the 22d of Dec. stating that he has arrested and committed the body of Carkin, does not necessarily imply that he had not done it before that day. And even if the officer had been guilty of any impropriety in detaining him for a day or two, the party injured only could complain, and it would not deprive the officer of his right to recover his legal fees of the person who employed him. It does not appear that the defendant suffered any injury by the neglect or misconduct of the officer, and if he has, he will be entitled to a recompense for it.

*Defendant to be defaulted.*